**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHARLES EDWARD ERDMANN**,

Petitioner,

**v.**

**FREDERICK ENTZEL, Warden,**

Respondent.

**Civil Action No. 3:19-CV-28
(GROH)**

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On March 1, 2019, the *pro se* Petitioner, a federal inmate housed at Federal Correctional Institution ("FCI") Hazelton, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence imposed in the District Court of North Dakota, Eastern Division.  ECF No. 1.  Attached to the petition was a four-page memorandum of law in support thereof.  ECF No. 1-1.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On April 21, 2016, in the District of North Dakota, Eastern Division, a three-

---

[1] Unless otherwise noted, all CM/ECF references in sections II.A., II.B., and II.C. refer to entries in the docket of Petitioner's Criminal Case No. 3:15-CR-80 in the United States District Court for the District of North Dakota, Eastern Division, available on PACER.  Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

count superseding indictment was returned against Petitioner in 3:15-CR-80.  ECF No. 29.  On April 4, 2016, the Government filed an Information to Establish Prior Convictions for Enhanced Sentence Pursuant to 21 U.S.C. § 851(a)(1), which provided background on two prior convictions "to enhance the minimum mandatory sentence applicable" under 21 U.S.C. § 841(b)(1), "if the defendant [was] convicted or plead[ ] guilty."  ECF No. 26 at 1.  On December 5, 2016, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A), and to Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, as charged in Counts 2 and 3 of the Superseding Indictment, respectively.  ECF Nos. 29, 44–46.

On February 23, 2017, Petitioner was sentenced to 228 months imprisonment.  ECF No. 60 at 3.  Given the certification of the Petitioner's prior felony drug convictions in the Information [ECF No. 26] previously filed by the Government, the District Court noted a departure from a mandatory minimum sentence of life imprisonment.[2]  ECF No. 69 at 9.  In consideration of 18 U.S.C. § 3553(e) and "upon a motion of the government," the District Court reasoned that:

> If we look at the drug trafficking conduct and the defendant's cooperation and all of the other circumstances in the case . . . that I'm allowed to consider I would think that on Count Three that the appropriate sentence is that the defendant be committed to the care, custody and control of the United

---

[2] The version of 21 U.S.C. § 841(b)(1) in place when Petitioner was sentenced (prior to the statutory amendments made under the FIRST STEP Act of 2018) required that "any person [who] commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release."  ECF No. 26 at 2.

> States Department of Justice through its Bureau of Prisons for a period of 192 months, which is 16 years. On Count Two the Court would give 50 percent off for the defendant's cooperation on the firearm count . . . in addition to the five years that's consecutive you lose the ability to get credit for RDAP, which adds another year to the sentence as well. And I think under all those circumstances that given the defendant's cooperation an appropriate sentence of 36 months is appropriate for a total of 228 months, which by my math is 19 years.

ECF No. 69 at 31–32.

### B. Direct Appeal

On October 3, 2017, the United States Court of Appeals for the Eighth Circuit granted Petitioner's Stipulated Motion to Voluntarily Dismiss Appeal. ECF Nos. 70, 72-1.  Instead, Petitioner pursued a claim of ineffective assistance of counsel with the United States District Court for the District of North Dakota pursuant to 18 U.S.C. § 2255.  ECF No. 75.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief

On February 16, 2018, Petitioner filed a § 2255 Motion alleging ineffective assistance of two attorneys in violation of the Fifth and Sixth Amendments and seeking several forms of relief.  ECF No. 75.  Petitioner filed a 16-page Memorandum of Law with the Motion to Vacate Under § 2255 on February 16, 2018, and a supplemental brief in support thereof on May 3, 2018.  ECF Nos. 75-1, 79.  The Government filed a Response in Opposition on July 3, 2018, and Petitioner filed a reply on August 1, 2018.  ECF Nos. 83, 84.

The District Court denied Petitioner's § 2255 Motion on September 10, 2018, and therein declined to issue Petitioner a certificate of appealability.  ECF No. 85.

The United States Court of Appeals for the Eighth Circuit denied

Petitioner's Application for a Certificate of Appealability on January 29, 2019. ECF No. 90.

Petitioner additionally filed in the sentencing court, a "Pro Se Motion to Reduce Sentence Under the FIRST STEP Act 2018" on February 22, 2019. ECF No. 91. The Government's Response in Opposition was filed on February 28, 2019. ECF No. 92. The Court denied this Motion given that the First Step Act of 2018 went into effect after Petitioner was sentenced and provided retroactive sentencing reform only to those offenses involving cocaine and crack cocaine pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; ECF No. 93. Petitioner's offenses involved methamphetamine, not cocaine. ECF No. 93 at 2.

### III.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner asserts as his sole ground for relief that his sentence is defective under Wheeler. ECF No. 1 at 5. Petitioner asserts that he was "sentenced as a career offender based on an instant offense of conspiracy under § 846, which no longer qualifies as a controlled substance offense." Id. For relief, Petitioner asks this Court "to vacate [his] sentence as a career offender and resentence [him] based on the correct guideline range." Id. at 8.

### IV.   LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is

4

charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a.      The date on which the judgment of conviction becomes final;

procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.   Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.   See Wheeler, 886 F.3d at 423–26.

## V.   ANALYSIS

Petitioner's sole ground for relief is that he was misclassified as a career offender under the post-Booker[6] advisory Guidelines.   ECF No. 1 at 5.   However, a review of the underlying record suggests that despite Petitioner's assertion that he was sentenced

---

[6] United States v. Booker, 543 U.S. 220 (2005).

under a career offender enhancement [ECF No. 1 at 5], Petitioner was, in fact, sentenced under the statutory sentencing requirements of 21 U.S.C. § 841(b)(1), with reductions and other mitigating factors as permitted pursuant to 18 U.S.C. § 3553(e) [Case No. 3:15-CR-80, ECF Nos. 26, 69]. Because his direct appeal rights have expired and because his § 2255 Motion was unsuccessful, and he was denied a Certificate of Appealability by both the sentencing District Court and the Eighth Circuit Court of Appeals, Petitioner's only remaining options are to seek leave to file a successive § 2255 under § 2255(h), or file a § 2241 relying on the § 2255(e) savings clause. However, because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition

9

would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."   Id.   In conclusion, the Lester Court observed that, "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716.

Because Petitioner in this case asserts that he was sentenced as a career offender[8] under the post-Booker, advisory Guidelines, the law in this Circuit is clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.   Further, because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and

---

[7] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.   Foote, 784 F.3d at 932.   In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      June 4, 2019

/s/  *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE