# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**CHARLES EDWARD ERDMANN,**

    Petitioner,

v.                                                         **CIVIL ACTION NO.: 3:19-CV-28 (GROH)**

**FREDERICK ENTZEL,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 6] on June 4, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on June 7, 2019. ECF No. 7. The Petitioner filed his objections on June 17, 2019. ECF No. 8. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On March 1, 2019, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, the Petitioner challenges a sentence imposed by the United States District Court of North Dakota, Eastern Division. Specifically, the Petitioner asserts that he received an "erroneous designation as a career offender." ECF No. 8 at 2. The Petitioner requests that this Court vacate his career offender sentence and resentence him based on the correct guideline range. ECF No. 1 at 8.

## III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of

a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with." Id. at 425.

## IV. Analysis

In this case, Magistrate Judge Trumble found that, regardless of whether the Petitioner meets the first, second, and third prongs of Wheeler, the savings clause is not satisfied because the fourth prong is not met. Specifically, the magistrate judge found that the Petitioner's sentence does not present an error sufficiently grave to be deemed a fundamental defect. Citing to Lester v. Flournoy, Magistrate Judge Trumble determined that a misclassification as a career offender is only a fundamental defect if the sentencing occurred pre-Booker, when the sentencing guidelines were mandatory. Because the Petitioner's sentence was imposed under the post-Booker, advisory guidelines, Magistrate Judge Trumble found that the Petitioner's sentence does not present an error sufficiently grave to be deemed a fundamental defect.

3

In his objections, the Petitioner makes certain policy-based arguments as to why his sentence presents a fundamental defect and should be reduced under Wheeler. See ECF No. 8. However, the law is clear, because advisory guidelines "lack legal force" an erroneous advisory Guidelines classification is not a fundamental defect. Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

The Petitioner in this case was sentenced under the post-Booker advisory guidelines and therefore, the misclassification as a career offender is not a fundamental defect. Because the Petitioner's sentence does not present a "fundamental defect," the Petitioner cannot satisfy the fourth prong of Wheeler. Wheeler, 886 F.3d at 429. Accordingly, since the Petitioner cannot meet the Wheeler requirements, the Court is deprived of jurisdiction and may not "entertain [the petition] to begin with. Id. at 425.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** June 18, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE